UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JAMES ERNEST DICKERSON,<br><br>                     Plaintiff,<br><br>         v.<br><br>CAROL PORTER, *et al*,<br><br>                     Defendants. | Case No.  C06-5236FDB-KLS<br><br>ORDER TO SHOW CAUSE |

    This case has been referred to United States Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4.  This matter comes before the Court on plaintiff's filing of an application to proceed *in forma pauperis* and a civil rights complaint under 42 U.S.C. § 1983.  To file a complaint and initiate legal proceedings plaintiff must pay a filing fee of $350.00 or file a proper application to proceed *in forma pauperis*.

    On April 13, 2006, the Clerk received plaintiff's complaint. (Dkt. #1).  On May 1, 2006, the Clerk sent plaintiff a letter informing him that he must either pay the court filing fee or submit a proper application to proceed *in forma pauperis* by May 31, 2006, or this matter could be subject to dismissal. (Dkt. #2).  Plaintiff responded to that letter by filing an application to proceed *in forma pauperis* on May 9, 2006. (Dkt. #7).  As discussed below, however, that application is deficient.

ORDER
Page - 1

Pursuant to 28 U.S.C. § 1915(a)(2):

> A prisoner seeking to bring a civil action or appeal a judgment in a civil action or proceeding without prepayment of fees or security therefor . . . shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined.

Plaintiff thus was required to submit a statement showing the balance and activity of his account for the six-month period immediately preceding the filing of his complaint. Plaintiff, however, has not done so.

In addition, plaintiff states in his application that he has received gifts or inheritances during the past twelve months, but fails to describe the nature and extent of those gifts or inheritances. The Court thus is unable to determine plaintiff's eligibility for *in forma pauperis* status at this time.

Accordingly, the Court orders the following:

(1) Plaintiff shall seek to cure the above deficiencies by filing **no later than July 15, 2006**, (a) a copy of his prison trust account statement pursuant to 28 U.S.C. § 1915(a)(2) showing the balance and activity of his account(s) for the six-month period immediately preceding the filing of his complaint, and (b) a detailed explanation regarding the nature and extent of the gifts or inheritances he has received during the past twelve months, including the amounts thereof and whether he expects to continue to receive them.

**Failure to cure these deficiencies by the above date shall be deemed a failure to properly prosecute this matter and the Court will recommend dismissal of this matter.**

(2) The Clerk is directed to send a copy of this Order to plaintiff.

DATED this 15th day of June, 2006.

Karen L. Strombom
United States Magistrate Judge

ORDER
Page - 2