UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JAMES ERNEST DICKERSON,

        Plaintiff,

   v.

CAROL PORTER, *et al*,

        Defendants.

Case No. C06-5236FDB-KLS

ORDER TO SHOW CAUSE

This case has been referred to United States Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4. This matter comes before the Court on plaintiff's filing of an application to proceed *in forma pauperis* and a civil rights complaint under 42 U.S.C. § 1983. To file a complaint and initiate legal proceedings plaintiff must pay a filing fee of $350.00 or file a proper application to proceed *in forma pauperis*.

On April 13, 2006, the Clerk received plaintiff's complaint. (Dkt. #1). On May 1, 2006, the Clerk sent plaintiff a letter informing him that he must either pay the court filing fee or submit a proper application to proceed *in forma pauperis* by May 31, 2006, or this matter could be subject to dismissal. (Dkt. #2). Plaintiff responded to that letter by filing an application to proceed *in forma pauperis* on May 9, 2006. (Dkt. #7). On June 15, 2006, the Court issued an order informing plaintiff that the application he

ORDER
Page - 1

submitted was deficient. (Dkt. #10).

Specifically, the Court found plaintiff's application was deficient in that he had not submitted a copy of his six-month prison trust account as required by 28 U.S.C. § 1915(a)(2), and that while he stated that he had received gifts or inheritances during the past twelve months, he failed to describe the nature and extent of those gifts or inheritances. The Court thus was unable to determine plaintiff's eligibility for *in forma pauperis* status, and therefore directed him to cure these deficiencies by no later than July 15, 2006.

On July 26, 2006, plaintiff provided a copy of his prison trust account statement. (Dkt. #12). However, he still has failed to provide the requested information concerning the gifts and inheritances he has received in the past twelve months, and that he expects to continue to receive. In addition, upon further review of his application, the Court notes that plaintiff also has indicated he received money from business, profession or other self-employment during the past twelve months, but again failed to describe the nature or extent of that money. As such, plaintiff's application remains deficient.

Nevertheless, the Court shall give plaintiff one more chance to cure the remaining deficiencies noted above. Accordingly, the Court orders the following:

(1) Plaintiff shall seek to cure the above deficiencies by filing **no later than September 10, 2006**, a detailed explanation regarding the nature and extent of the money he has received from business, profession or other self-employment and from the gifts or inheritances he has received during the past twelve months, including the amounts thereof and whether he expects to continue to receive them.

**Failure to cure these deficiencies by the above date shall be deemed a failure to properly prosecute this matter and the Court will recommend dismissal of this matter.**

(2) The Clerk is directed to send a copy of this Order to plaintiff.

DATED this 10th day of August, 2006.

Karen L. Strombom
United States Magistrate Judge