UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JAMES ERNEST DICKERSON,<br><br>    Plaintiff,<br><br>  v.<br><br>CAROL PORTER, *et al*,<br><br>    Defendants. | Case No.  C06-5236FDB-KLS<br><br>REPORT AND RECOMMENDATION TO DENY APPLICATION TO PROCEED *IN FORMA PAUPERIS*<br><br>Noted for November 10, 2006 |

  This case has been referred to Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4.  Plaintiff has filed a civil rights complaint under 42 U.S.C. § 1983 and an application to proceed *in forma pauperis*.  To file a complaint and initiate legal proceedings, plaintiff must pay a filing fee of $350.00 or file a proper application to proceed *in forma pauperis*.  Because plaintiff has failed to respond to the court's order to show cause, the undersigned recommends the court deny his application.

### DISCUSSION

  The Court may permit indigent litigants to proceed *in forma pauperis* upon completion of a proper affidavit of indigency.  *See* 28 U.S.C. § 1915(a).  However, the Court has broad discretion in denying an application to proceed *in forma pauperis*.  Weller v. Dickson, 314 F.2d 598 (9th Cir. 1963), *cert. denied*, 375 U.S. 845 (1963).

  Several district courts have ruled that denial of *in forma pauperis* status is not unreasonable when a

prisoner is able to pay the initial expenses required to commence a lawsuit.  See Temple v. Ellerthorpe, 586 F.Supp. 848 (D.R.I. 1984); Braden v. Estelle, 428 F.Supp. 595 (S.D.Tex. 1977); U.S. ex rel. Irons v. Com. of Pa., 407 F.Supp. 746 (M.D.Pa. 1976); Shimabuku v. Britton, 357 F.Supp. 825 (D.Kan. 1973), *aff'd,* 503 F.2d 38 (10th Cir. 1974); Ward v. Werner, 61 F.R.D. 639 (M.D.Pa. 1974).

On August 10, 2006, the undersigned issued a second order to show cause, directing plaintiff's to cure certain deficiencies in his application to proceed *in forma pauperis* by no later than September 10, 2006. (Dkt. #15).  Specifically, plaintiff had failed to provide the Court with certain additional financial information he previously was ordered to provide. (See Dkt. #10).  Plaintiff was warned that failure to timely provide this information would result in a recommendation of dismissal of this matter.  To date, however, plaintiff still has failed to provide the requested information.

## CONCLUSION

Because plaintiff has failed to respond to the Court's second order to show cause regarding the needed financial information noted above, the undersigned recommends the Court dismiss plaintiff's complaint unless he pays the required $350.00 filing fee **within thirty (30) days** of the Court's order.

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rules of Civil Procedure ("Fed. R. Civ. P.") 72(b), the parties shall have ten (10) days from service of this Report and Recommendation to file written objections thereto. See also Fed.R.Civ.P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is directed to set this matter for consideration on **November 10, 2006**, as noted in the caption.

Dated this 17th day of October, 2006.


*(signature)*
Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION
Page - 2